**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **STATE AUTOMOBILE MUTUAL INSURANCE COMPANY** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TLC TOTAL LAWN CARE, LLC, SUSSER HOLDINGS CORPORATION, STRIPES A/K/A STRIPES CONVENIENCE STORES and STRIPES #2296, ENERGY TRANSFER PARTNERS, SUNOCO, L.P. AND FERNANDO BENAVIDES** | § § § § § § § | **CIVIL ACTION NO.** 1:16-cv-70 |

**ORIGINAL COMPLAINT FOR DECLARATORY RELIEF**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff State Automobile Mutual Insurance Company (hereinafter "State Auto") complains of Defendants TLC Total Law Care, LLC, Susser Holdings Corporation, Stripes a/k/a Stripes Convenience Stores and Stripes #2296, Energy Transfer Partners, Sunoco, L.P., and Fernando Benavides (hereinafter referred to collectively as the "Defendants"), and alleges as follows:

## I.
## PARTIES

1.01 Plaintiff State Auto is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio, and authorized to do business in the State of Texas.

1.02 Defendant TLC Total Lawn Care, LLC, (hereinafter referred to as "TLC") is a Domestic Texas For-Profit Limited Liability Corporation with its principal place of business

located at 4234 N FM 88, Weslaco, Cameron County, Texas. Defendant TLC may be served with process through its registered agent, Gerry D. Bower, 4234 N FM 88, Weslaco, Cameron County, Texas 78596, or wherever he may be found.

1.03 Defendant Susser Holdings Corporation, (hereinafter referred to individually as "Susser") is a Foreign For-Profit Corporation with its principal place of business located in Newtown Square Pennsylvania. Defendant Susser may be served with process through its registered agent, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

1.04 Defendant Stripes a/k/a Stripes Convenience Stores and Stripes #2269, (hereinafter referred to individually as "Stripes") is a Domestic Texas For-Profit Corporation with its principal place of business located in Corpus Christi, Nueces County, Texas. Defendant Stripes may be served with process through its registered agent, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

1.05 Defendant Energy Transfer Partners, is a Domestic Texas Limited Partnership with its principal place of business located in Dallas, Dallas County, Texas. Defendant Energy Transfer Partners may be served with process through its registered agent, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701

1.06 Defendant Sunoco, L.P., is a Foreign Limited Partnership with its principal place of business located in San Antonio, Bexar County, Texas. Defendant Sunoco, L.P. may be served with process through its registered agent, Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701.

1.07 Defendant Fernando Benavides, (hereinafter referred to individually as "Benavides" or "Mr. Benavides") is a citizen of the State of Texas and upon information and

belief is an individual residing in Cameron County, Texas who may be served with process at his home address of 5018 San Jose Street, Weslaco, Texas, or wherever he may be found.

## II.

## JURISDICTION AND VENUE

2.01 This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

2.02 There is complete diversity between the parties as required by 28 U.S.C. §1332(a). Plaintiff is a corporation organized under the laws of the State of Ohio with its principal place of business in Columbus, Ohio. Defendants are either Texas corporations or individuals who are residents of the State of Texas.

2.03 Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) because one or more Defendant resides within this judicial district and venue is proper pursuant to 28 U.S.C. § 1391(c) because one or more of the corporate Defendants have sufficient contacts to subject them to personal jurisdiction.

2.04 The amount in controversy exceeds $75,000.00, excluding interest and costs. Specifically, the subject of this declaratory judgment action is a general liability insurance policy with a stated limit of $1,000,000.00. Pursuant to *Farkas v. GMAC Mortgage, LLC,* 737 F.3d 338, 341 (5th Cir. 2013). The value of the contract and/or the right to be protected that is the subject of the declaratory judgment action sets the amount in controversy.

## III.

## FACTUAL BACKGROUND

3.01 State Auto provided Insurance Policies BOP 2682114 and CXS 2109389 to TLC Total Lawn Care, LLC, with a policy period of June 13, 2012 to June 13, 2013 (the "Policy").

3.02 On or about April 23, 2014, Defendant Benavides was involved in an incident

while working in the course and scope of his employment with Defendant TLC. Defendant Benavides was injured when a vehicle struck him while mowing grass at a Stripes location as directed by his employer TLC.

3.03 As a result of the above events, Defendant Benavides instituted the Underlying Lawsuit against TLC, Susser, Stripes a/k/a Stripes Convenience Stores and Stripes #22, Energy Transfer Partners, and Sunoco, L.P. (hereinafter referred to as the "Underlying Defendants") in the 107th Judicial District Court of Cameron County, Texas under Cause No. 2015-DCL-02530 (hereinafter referred to as the "Underlying Lawsuit"). The live petition in the Underlying Lawsuit is the Plaintiff's Original Petition.

3.04 Benavides has alleged in the underlying lawsuit that "[a]ll the claims arise from the workers compensation laws of the State of Texas."

3.05 Benavides alleged that TLC and others violated Chapter 451 of the Texas Labor Code, contained in the Texas Workers Compensation Act. Additionally, Benavides alleged that TLC violated his constitutional rights.

3.06 Plaintiff's live pleading also alleged that "Susser/Stripes/ETP/Sunoco did not have proper rails or curbing to prevent drivers from backing up into the grass area where Plaintiff was mowing."

3.07 Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's live pleading which is incorporated by reference as if fully set forth herein.

## IV.

## POLICY

4.01 TLC was insured by State Automobile Insurance Company under Policy No. BOP2682114 and CXS 2109389 for a policy period from June 13, 2012 to June 13, 2013.

4.02 Attached hereto as Exhibit "B" is a certified copy of the relevant General Liability Policy which is incorporated by reference as if fully set forth herein. Attached hereto as Exhibit "C" is a certified copy of the relevant Umbrella Liability Policy which is incorporated by reference as if fully set forth herein.

4.03 The Policy provides in pertinent part as follows:

**LIABILITY POLICY:**

SECTION I – COVERAGES
COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies . . . . However, we will have no duty to defend the insured against any "suit" seeing damages for "bodily injury" or "property damage" to which this insurance does not apply.

***

CG 00 01 12 04, page 1 of 13.

***

**2. Exclusions**

This insurance does not apply to:

a. Expected or intended injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property;

***

**d. Workers' Compensation And Similar Laws**
Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

**e. Employer's Liability**
"Bodily injury" to:

**(1)** An "employee" of the insured arising out of and in the course of:
**(a)** Employment by the insured; or
**(b)** Performing duties related to the conduct of the insured's business; or

**(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

***

CG 00 01 12 04, page 2 of 13.

***

**A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

This insurance does not apply to:

"Bodily injury" to:

**(1)** A person arising out of any:

**(a)** Refusal to employ that person;

**(b)** Termination of that person's employment; or

**(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b),** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

CG 21 47 07 98, Page 1 of 1.

***

**A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability:**

This insurance does not apply to:

"Bodily injury" to:

**(1)** A person arising out of any:

**(a)** Refusal to employ that person;

**(b)** Termination of that person's employment; or

**(c)** Employment-related practices, policies, acts or omissions, such as

coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation or discrimination directed at that person; or

**(2)** The spouse, child, parent, brother or sister of that person as a consequence of "bodily injury" to that person at whom any of the employment-related practices described in Paragraphs **(a), (b)** or **(c)** above is directed.

This exclusion applies:

**(1)** Whether the insured may be liable as an employer or in any other capacity; and

**(2)** To any obligation to share damage with or to repay someone else who must pay damage because of the injury.

***

**CG 26 39 04 99, page 1 of 1.**

***

**COVERAGE B PERSONAL AND ADVERTISING INJURY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. . . . However, we have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

***

**2. Exclusions**

This insurance does not apply to:

**a. Knowing Violation Of The Rights Of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal or advertising injury."

***

**CG 00 01 12 04, Page 5 of 13.**

***

**SECTION V – DEFINITIONS**

***

**3. "Bodily Injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.**

***

4. "Employee" includes a "leased worker". "Employee does not include a "temporary worker".

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and Advertising Injury means injury, including consequential "bodily injury" arising out of one or more of the following offenses:

a. False arrest detention, or imprisonment;

b. Malicious prosecution;

c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

e. Oral or written publication, in any manner of material that violates a person's right of privacy;

f. The use of another's advertising idea in your "advertisement"; or

g. Infringing upon another's copyright, trade dress, or slogan in your "advertisement".

***

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

* * *

**CG 00 01 12 04, page 11-12 of 13.**

**UMBRELLA POLICY**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a. We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" because of "bodily injury" or "property damage" to which this insurance applies. We will have the right to associate with the "underlying insurer" and the insured to defend against any "suit" seeing those damages**

***

However, we will have no duty to defend the insured against any "suits" seeking damages for "bodily injury" or "property damage to which this insurance does not apply.

***

CXS 00 01 01 08, page 1 of 19.

***

2. Exclusions

This insurance does not apply to:

a. "Bodily injury" or "property damage" either expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property;

***

c. Liability imposed on the insured or the insured's insurer, under any of the following laws:

(1) Employees' Retirement Income Security Act of 1974 (E.R.I.S.A.) as now or hereafter amended, or any similar state or other governmental law;

***

(3) Any workers compensation, unemployment compensation or disability benefits law or any similar law.

***

CXS 00 01 01 08, page 2 of 19.

***

d. The insured's liability (other than under an "insured contract") for "bodily injury to:

(1) An "employee" of the insured arising out of and in the course of:

(a) Employment by the insured; or

(b) Performing duties related to the conduct of the insured's business; or

(2) The spouse, child, parent, brother, or sister or other dependents of that "employee" as a consequence of **d.(1)** above.

But this exclusion **d.(1) and d.(2)** applies only with respect to:

***

(4) Fines or penalties imposed for violation of federal and state law;

***

e. "Bodily injury" to:

(1) A person arising out of any:

***

(e) Employment-related practices, policies, acts or omissions, including, but without limitation, coercion demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, or discrimination directed at that person.

***

CXS 00 01 01 08, page 3 of 19.

**SECTION VI – DEFINITIONS**

***

5. **"Bodily Injury" means bodily injury, sickness, or disease sustained by a person, including death resulting from any of these at any time.**

***

**17. "Personal and Advertising Injury means injury, including consequential "bodily injury" arising out of one or more of the following offenses:**

**a. False arrest detention, or imprisonment;**

**b. Malicious prosecution;**

**c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling, or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;**

**d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;**

**e. Oral or written publication, in any manner of material that violates a person's right of privacy;**

**f. The use of another's advertising idea in your "advertisement"; or**

**g. Infringing upon another's copyright, trade dress, or slogan in your "advertisement".**

***

**21. "Property damage" means:**

**a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**

**b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.**

***

CXS 00 01 01 08, page 15, 17, and 18 of 19.

4.04 The above policy language applies to this action to determine the Duty to Defend and the Duty to Indemnify TLC and Susser et al. Plaintiff reserves the right to rely on other portions of the policy not listed herein and the inclusion of the above-referenced provisions should not be construed as a waiver of any other provisions, exclusion, limitations, or conditions included in the policy.

V.

## CAUSE OF ACTION - SUIT FOR DECLARATORY JUDGMENT

5.01 State Auto hereby incorporates by reference the preceding paragraphs 1.01 through 4.08 as if set forth in their entirety herein.

5.02 Real and justifiable controversies have arisen and now exist between State Auto, TLC, and the Susser entities, for which State Auto desires a declaration of rights concerning the contractual obligations of State Auto to provide a defense and to indemnify TLC and the Susser entities in the Underlying Lawsuit.

5.03 A declaratory judgment is necessary because State Auto and Defendant TLC and the Susser entities disagree over the interpretation and application of the Policy's terms and conditions as to the duty of State Auto to defend and the duty to indemnify TLC and the Susser entities.

5.04 Pursuant to 28 U.S.C. § 2201, State Auto requests that the Court declare the defense and indemnity obligations of State Auto with regard to TLC. Specifically, State Auto requests that the Court decide the following issues:

a. The pleadings and the facts of the Underlying Lawsuit establish no facts that would entitle TLC to a defense and/or indemnity in the Underlying Lawsuit;

b. The pleadings and the facts of the Underlying Lawsuit establish that all of the causes of action pled against TLC arise out of workers compensation or similar law;

c. That TLC is not entitled to a defense in the Underlying Lawsuit;

d. That the same reasons that defeat the duty to defend TLC also defeat State Auto's duty to indemnify TLC;

e. That the claims and damages alleged in this suit are not covered by the applicable policy;

f. State Auto has no duty to defend Defendant TLC in the Underlying Lawsuit;

g. That State Auto has no duty to indemnify Defendant TLC for any judgment awarded in the Underlying Lawsuit; and

h. The obligations of State Auto to defend and indemnify Defendant TLC under the Policy.

5.05 Pursuant to 28 U.S.C. § 2201, State Auto requests that the Court declare the defense and indemnity obligations of State Auto with regard to Susser, Stripes, Energy Transfer Partners, and Sunoco. Specifically, State Auto requests that the Court decide the following issues:

a. The pleadings and the facts of the Underlying Lawsuit establish no facts that would entitle Susser, Stripes, Energy Transfer Partners, or Sunoco to a defense and/or indemnity in the Underlying Lawsuit;

b. That Susser, Stripes, Energy Transfer Partners, and Sunoco are not additional insureds under the liability or umbrella policies;

c. That Susser, Stripes, Energy Transfer Partners, and Sunoco is not entitled to a defense in the Underlying Lawsuit;

d. That the same reasons that defeat the duty to defend Susser, Stripes, Energy Transfer Partners, and Sunoco also defeat State Auto's duty to indemnify the same;

e. That the claims and damages alleged in this suit are not covered by the applicable policy;

f. State Auto has no duty to defend Defendant Susser, Stripes, Energy Transfer Partners, or Sunoco in the Underlying Lawsuit;

g. That State Auto has no duty to indemnify Defendant Susser, Stripes, Energy Transfer Partners, or Sunoco for any judgment awarded in the Underlying Lawsuit; and

h. The obligations of State Auto to defend and indemnify Defendant Susser, Stripes, Energy Transfer Partners, or Sunoco under the Policy.

5.06 State Auto requests that the Court make such other and further declarations as may be appropriate.

**VI.**

**ATTORNEYS' FEES**

6.01 Should State Auto prevail on this lawsuit, it is entitled to an award of attorneys' fees under Texas Civil Practice and Remedies Code §37.009, which authorizes an award of fees and costs as is equitable and just in a suit under the Declaratory Judgment Act. Further, State Auto is entitled to an award of attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code Chapter 38. The claims underlying the declaratory relief sought by State Auto are contractual in nature, and Chapter 38 allows recovery of attorneys' fees in contract actions.

## VII.

## JURY DEMAND

7.01 Plaintiff State Auto demands a jury trial on all factual issues in this cause.

## VIII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff State Automobile Mutual Insurance Company respectfully requests that Defendants be cited to appear herein, that the Court enter the declarations specified above, that State Automobile Mutual Insurance Company recover its attorneys' fees and for such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted, this 8th day of April, 2016.

/s/Charles B. Mitchell, Jr.
**CHARLES B. MITCHELL, JR.**
State Bar No. 14207000
Federal ID No.: 16627
**MICHAEL SHANE O'DELL**
State Bar. No. 24065835
NAMAN, HOWELL, SMITH & LEE, PLLC
405 Fort Worth Club Building
306 West 7th Street
Fort Worth, Texas 76102-4911
Telephone: 817.509-2040
Facsimile: 817.509-2060
Email: charles.mitchell@namanhowell.com
Email: sodell@namanhowell.com

ATTORNEY FOR PLAINTIFF
STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY

# EXHIBIT "A"

FILED
2015-DCL-02530
4/23/2015 4:48:55 PM
Eric Garza
Cameron County District Clerk
By Linda Munoz Deputy Clerk
5013509

CAUSE NO. 2015-DCL-02530

| | | |
|---|---|---|
| FERNANDO BENAVIDEZ, Plaintiff | § | IN THE DISTRICT COURT |
| | § | Cameron County - 107th District Court |
| VS. | § | 107th JUDICIAL DISTRICT |
| JOHN DOE; SUSSER HOLDINGS CORPORATION; STRIPES A/K/A STRIPES CONVENIENCE STORES and STRIPES #2296; ENERGY TRANSFER PARTNERS, LP.; SUNOCO, LP., TOTAL LAWN CARE, LLC; and PRECISION LANDSCAPE MANAGEMENT, Defendants | § § § § § § § § § § | CAMERON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, FERNANDO BENAVIDEZ, (xxx-xx-x452) (hereinafter referred to as Plaintiff), complaining of JOHN DOE (hereinafter referred to as defendant DOE); SUSSER HOLDINGS CORPORATION (hereinafter referred to as Defendant SUSSER); STRIPES A/K/A STRIPES CONVENIENCE STORES and STRIPES #2296 (hereinafter referred to as Defendant STRIPES); ENERGY TRANSFER PARTNERS, L.P. (hereinafter referred to as Defendant ETP); SUNOCO, LP. (hereinafter referred to as Defendant SUNOCO); TOTAL LAWN CARE, LLC (sometimes hereinafter referred to as TLC); and PRECISION LANDSCAPE MANAGEMENT (hereinafter referred to as Defendant PLM), and for cause of action would show unto this Honorable Court as follows:

## I. DISCOVERY

Pursuant to Texas Rule of Civil Procedure 190.1, this case is to be governed by the provisions of Texas Rule of Civil Procedure 190.4 as discovery is intended to be conducted under Level 3 of Rule 190.1 of the Texas Rules of Civil Procedure.

## II. PARTIES

All parties are Texas citizens. All the claims arise from the workers compensation laws of the State of Texas.

Defendant, JOHN DOE, is an individual who can be served wherever he may be found.

Defendant SUSSER HOLDINGS CORPORATION, is a corporation licensed to and doing business in the State of Texas, who can be served by serving its registered agent for service, Corporation Service Company (CSC) at 211 East 7th St., Ste. 620, Austin, Texas 78701.

Defendant STRIPES A/K/A STRIPES CONVENIENCE STORES and STRIPES #2296 can be served by serving its registered agent for service Corporation Service Company (CSC) at 211 East 7th St., Ste. 620, Austin, Texas 78701.

Defendant ENERGY TRANSFER PARTNERS, L.P. is a company licensed to and doing business in the State of Texas who can be served by serving its registered agent for service Corporation Service Company (CSC) at 211 East 7th St., Ste. 620, Austin, Texas 78701.

Defendant SUNOCO, LP. is a company licensed to and doing business in the State of Texas who can be served by serving its registered agent for service Corporation Service Company (CSC) at 211 East 7th St., Ste. 620, Austin, Texas 78701.

Defendant TOTAL LAWN CARE, LLC is a company licensed to and doing business in the State of Texas and can be served by serving its registered agent for service.

Defendant PRECISION LANDSCAPE MANAGEMENT is a company licensed to and doing business in the State of Texas who can be served by serving its registered agent for service Bruce Paul Birdsong, 2222 Valwood Parkway, Dallas, Texas 75234.

## III. VENUE

Pursuant to Section 15.002(3), venue is proper and sustainable in Cameron County, Texas since all or part of the acts or omissions giving rise to this cause of action occurred in Cameron County, Texas.

## IV. FACTS AND CAUSES OF ACTION

On or about April 24, 2013, Plaintiff was working for Defendant TLC and the property owned and or operated by Defendants SUSSER/STRIPES/ETP/SUNOCO at STRIPES #2296 mowing, when he was suddenly struck by a vehicle driven by Defendant DOE. As a result Plaintiff sustained severed injuries.

By invoking the *Entergy* provisions, the Defendants TLC and/or PLM have become subject to the discrimination penalties of the Texas Worker's Compensation Act under section 451 of the Texas Labor Code and by deliberately trying to deprive Plaintiff of his rights they have discriminated against him in an amount equal to any personal injury action he could bring as a third-party plaintiff.

Defendants further discriminated against Plaintiff by not telling him that they had certain provisions in the contract and therefore deprived him of the opportunity to reject work comp.

Further, the denial of the Plaintiff's ability to go to trial when his workers compensation benefits were supplied to him by an non-employer without his knowledge or consent and without his being given information beforehand to reject those benefits, with the

knowledge that it would automatically be causing him to forego and forfeit any third party actions for his full actual damages is a violation of the equal protection and due process provisions of the Texas and U.S. Constitutions, and furthermore, is violation of the U.S. Constitution in that it amounts to an excessive unjust unfair penalty or fine; further the application is a cruel and unusual punishment and in violation of the 8th Amendment of the U.S. Constitution and an unjust taking of Plaintiff's cause of action in violation of the 5th Amendment of the U.S. Constitution and an unjust enrichment to Defendant in violation of the 8th and 5th Amendments of the U.S. Constitution.

Defendants SUSER/STRIPES/ETP/SUNOCO did not have proper rails or curbing to prevent drivers from backing up into the grass area where Plaintiff was mowing.

## V. DAMAGES

As a direct and proximate result of Defendant's negligence and other wrongful conduct, as set out herein, Plaintiff sustained serious physical injuries, and incurred the following damages.

(a) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

(b) Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

(c) Physical pain and suffering in the past;

(d) Physical pain and suffering in the future;

(e) Mental anguish in the past;

(f) Mental anguish in the future;

(g) Loss of wages in the past;

(h) Loss of wage earning capacity;

(i) Physical and mental impairments and restrictions in the past; and,

(j) Physical and mental impairments and restrictions in the future;

Plaintiffs seek to recover all damages allowable at law and equity under Texas Law, both statutory and common law damages, which are in excess of this Court's minimum jurisdictional requirements.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial and tenders the appropriate jury fee with this petition.

## VII. REQUESTS FOR DISCLOSURE TO DEFENDANT

Under Texas Rules of Civil Procedure 194, Plaintiffs requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l).

## VIII. PRAYER.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays: (1) that the Defendants be cited to appear and answer herein; (2) for all remedies at law and equity and damages at law and equity as to which the Plaintiff may be justly entitled by the time this matter proceeds to a jury trial as promptly as possible; (3) for special and general relief; and, (4) for legal

interest at the legal rate both pre- and post judgment; and for such other and further relief, at law and in equity as to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF WILLIAM J. TINNING
1013 Bluff Drive
Portland, Texas 78374
Telephone: (361) 643-9200
Facsimile : (361) 643-9600

By: /s/ William J. Tinning
William J. Tinning
State Bar No. 20060500
**LEAD ATTORNEY FOR PLAINTIFF**

**CO-COUNSEL:**
Frank Enriquez
4200-B Bicentennial
McAllen, Texas 78504
Telephone: (956) 686-5291
Facsimile: (956) 618-5064